USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/21/20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TOWNSQUARE MEDIA INC. and TOWNSQUARE NEXT, LLC,<br><br>                              Plaintiffs,<br>       v.<br><br>JOHN DOE, ET AL.,<br><br>                              Defendants. | **CIVIL ACTION NO. 18 Civ. 11398 (ALC)**<br><br>**DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

Plaintiffs Townsquare Media Inc. ("Townsquare Media") and Townsquare Next, LLC ("Townsquare Next") (collectively "Townsquare" or "Plaintiffs"), having moved *ex parte* against defendants JOHN DOE, JANE DOE or XYZ CORPORATION and OTHER IDENTIFIED INTERNET DOMAIN NAMES ("Defendants") for a Temporary Restraining Order, Seizure Order, Order to Disable Certain Websites, Asset Restraining Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction (the "TRO") pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), for the reason that Defendants are engaged in an Internet phishing scam through the unauthorized and unlawful use of Plaintiffs' trademarks, (collectively, the "XXL Marks" or "Plaintiffs' Marks"), which trademarks are owned and controlled by Plaintiffs to advertise, promote and market , and/or offer for sale services to the consuming public with the willful and malicious intent to cause confusion as to the source of

1

Defendants' purported services, tarnish Plaintiffs' goodwill and reputation, and defraud the public.

The Court having entered the TRO on December 6, 2018;

Defendants having each been properly served with the Complaint, Summons and TRO, including notice of the show cause hearing held on December 13, 2018;

None of the Defendants having appeared at the show cause hearing, filed a response to Plaintiffs' moving papers, answered the Complaint or otherwise pleaded or defended in this action;

The Court having entered a Preliminary Injunction Order ("PI Order") against Defendants on January 3, 2019;

The Clerk of Court having entered a default against Defendants on August 14, 2019;

Plaintiffs having moved for final default judgment under Fed. R. Civ. P. 55(b) on April 7, 2020 by Order to Show Cause for a Default Judgment and Permanent Injunction Order;

Plaintiffs having served on Defendants the Order to Show Cause for a Default Judgment and papers in support of their application on April 7, 2020;

Defendants having failed to respond to the application for default or appear; and

The Court having reviewed Plaintiffs' submissions in support of its application for a default judgment finds:

1.  Townsquare owns all right, title and interest in and to the XXL Marks in connection with Townsquare's products and services, and Townsquare's Marks are valid and protectable and entitled to protection;

2.  Defendants are using the XXL Marks or any reproduction, counterfeit, copy or colorable imitation of the XXL Marks in connection with the advertising, offer for sale and/or sale of services and/or products that are not those of Plaintiffs;

3.  Defendants are perpetrating a phishing scheme by operating a network of websites ("Infringing Websites") set forth in **Exhibit A**, and email accounts ("Fraudulent eMail") set forth in **Exhibit B**, including, without limitation, domain names and/or email addresses containing XXL Marks (the "Infringing Uses");

4.  Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from Plaintiffs' and this Court's detection including by using multiple false identities and addresses associated with their operations as well as purposely-deceptive contact information;

5.  To the best of Plaintiffs' knowledge, Defendants are not infants, incompetent or in the military service of the United States;

6.  Defendants have failed to appear or otherwise defend this action; and

7.  Defendants continue to establish and operate new Defendants' Infringing Websites and Fraudulent eMail to perpetrate their phishing scam; and so the Court:

HEREBY FINDS that Defendants are liable for federal trademark counterfeiting and infringement and cyber-squatting under 15 U.S.C. §§ 1114, 1117 and 1125(d)(1) and unfair competition and false designation of origin under 15 U.S.C. § 1125(a), and this Default Judgment and Permanent Injunction Order ("Permanent Injunction") is entered against Defendants; and

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED that Defendants, including their agents, servants, employees, confederates and any persons acting in concert or

3

participation with them or third parties providing services used in connection with Defendants' operations, having actual knowledge of this Permanent Injunction Order by service, actual notice or otherwise, be, and are, hereby permanently enjoined and restrained from:

(a) using the XXL Marks or any reproduction, counterfeit, copy or colorable imitation of the XXL Marks in connection with the advertising, offer for sale and/or sale of services and/or products that are not those of Plaintiffs; and

(b) passing off, inducing or enabling others to sell or pass off any services and/or products as and for those of Plaintiffs; and

(c) utilizing the Infringing Uses and registering any additional domain names and/or email accounts that use or incorporate any of the XXL Marks; and

(d) further infringing any of Plaintiffs' Marks and damaging Plaintiffs' goodwill; and

(e) otherwise competing unfairly with Plaintiffs in any manner.

AND IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, in the event Plaintiffs identify any new Infringing Websites, Infringing Domain names, and/or Fraudulent eMail accounts ("Supplemental Accounts") registered or operated by any Defendant for the purpose of Infringing Uses, Plaintiffs shall have the ongoing authority to request from this Court, by way of declaration, an amendment to this Order or issuance of a supplemental order for the purpose of disabling such Supplemental Accounts; and

ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power, the domain name registries, including but not limited to the registries listed in **Exhibit A** hereto, and/or the individual registrars (including but not limited to GoDaddy.com, and Tucows, Inc.) holding or listing one or more of the domain names used in conjunction with the Infringing Websites and/or the Infringing Domain Names shall transfer the domain names associated with Defendants' Infringing Websites, set forth in **Exhibit A** hereto, to Plaintiffs' ownership and control, including, *inter alia*, by changing the registrar of record to the registrar

4

of Plaintiffs' choosing, unless Plaintiffs request that such domain names be held and/or released rather than transferred; and it is further

ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power, email service providers, including but not limited to Google, providing email accounts used in conjunction with the Infringing Uses shall cease service of Fraudulent eMail accounts, including those set forth in **Exhibit B** hereto; and it is further

ORDERED that the bond posted by Plaintiff is hereby released; and it is finally

ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

Dated:     September 21, 2020
           New York, New York

_/s/ Andrew L. Carter, Jr._

_____
Hon. Andrew L. Carter, Jr.
UNITED STATES DISTRICT JUDGE